UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

July 11, 2017

**LETTER OPINION**

VIA CM/ECF
All counsel of record

Re: *Fidelity Warranty Services, Inc., et al. v. Edison Motor Cars, Inc., et al.*
<u>Civil Action No. 16-5728 (MAS) (LHG)</u>

Dear Counsel:

      This matter comes before the Court on Defendant Brad Benson's ("Defendant") Motion to Vacate Entry of Default. (ECF No. 7.) Plaintiffs Fidelity Warranty Services, Inc. and Jim Moran and Associates, Inc. ("Plaintiffs") filed opposition. (ECF No. 9.) Additionally, Defendant filed a Motion to Dismiss (ECF No. 12), and Plaintiffs filed opposition (ECF No. 16). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendant's Motion to Vacate Entry of Default is DENIED and Defendant's Motion to Dismiss is DENIED.

      With respect to Defendant's Motion to Vacate Entry of Default, motions to enter default judgment and vacate default are both governed by Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a)-(c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to vacate a default is left to the sound discretion of the district court. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). When deciding whether to vacate default, a court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). "There is a distinction between a default standing alone and a default judgment. . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656. Where there is a close case, the Third Circuit has instructed that it "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

      Here, Defendant fails to set forth a meritorious defense. Defendant merely argues that he was not served on October 16, 2016, as alleged by Plaintiff. (Def.'s Mot. to Vacate Moving Br. 1-4, ECF No. 7-1.) Plaintiff responded and filed proof that Defendant was again served on December 1, 2016. (Pl.'s Mot. to Vacate Opp'n Br. 2, 5-7, ECF No. 9; Pl.'s Mot. to Vacate Opp'n Br. Ex. B, at 2, ECF No. 9-2.) Defendant does not dispute that he was properly served on

December 1, 2016, as Defendant never filed a reply brief and did not dispute being served on December 1, 2016, in his Motion to Dismiss. (*See* Def.'s Mot. to Dismiss Moving Br., ECF No. 12.) As it appears Defendant was properly served on December 1, 2016, improper service of process "is no longer a meritorious defense." *Super 8 Worldwide, Inc. v. Sarwan Investments, LLC*, No. 14-7810, 2016 WL 6398514, at *3 (D.N.J. Oct. 27, 2016).

Moreover, even if the Court were to consider Defendant's submissions in support of his Motion to Dismiss in conjunction with his Motion to Vacate Entry of Default, Defendant fails to set forth a meritorious defense. Defendant's moving papers merely set forth boilerplate language regarding the pleading standards on a motion to dismiss. (*See* Def.'s Mot. to Dismiss Moving Br. 2-4.) Specifically, Defendant sets forth general statements that pleadings cannot be conclusory and that allegations of fraud require heightened particularity. (*Id.*) Even if the Court were to construe Defendant's boilerplate language to constitute legal analysis, arguments with respect to the sufficiency of pleading are not meritorious defenses on a motion to vacate entry of default. *See HEI Investments, LLC v. Black Diamond Capital Appreciation Fund, LP*, No. 15-746, 2016 WL 952338, at *3 (D.N.J. Mar. 14, 2016).

For the foregoing reasons, the Court DENIES Defendant's Motion to Vacate Entry of Default and DENIES Defendant's Motion to Dismiss as moot.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**