UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIDELITY WARRANTY SERVICES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDISON MOTOR CARS, INC., et al., <br><br> Defendants. | Civil Action No. 16-5728 (MAS) (LHG) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon Defendant Brad W. Benson's ("Benson") Motion for Reconsideration of the Court's July 2017 Order denying Benson's (i) Motion to Vacate Entry of Default and (ii) Motion to Dismiss as moot. (ECF No. 23.) Plaintiffs Fidelity Warranty Services, Inc. and Jim Moran & Associates, Inc. ("Plaintiffs") opposed (ECF No. 24), and Benson replied (ECF No. 26). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Benson's Motion is denied.

**I.    BACKGROUND**

Benson partially owned Defendant Edison Motor Cars, Inc. ("EMC"), a defunct car dealership that had a contract with Plaintiffs for certain finance and insurance related products and services. (Compl. ¶¶ 10–12, 18, ECF No. 1.) Benson executed the contract on behalf of EMC in his capacity as president. (Benson Certif. ¶ 5, ECF No. 23-2.) In July 2015, Plaintiffs received notice that EMC sold the dealership to an entity that did not assume any of EMC's accounts or outstanding liabilities. (Compl. ¶ 39.) Around the same time, EMC entered into a liquidation proceeding in the Superior Court of New Jersey ("ABC Proceeding"). (*Id*. ¶ 42.)

In September 2016, Plaintiffs filed the instant six-count action against Benson and other Defendants. (*See* ECF No. 1.) Four of the six counts are directed at Benson. Count Three asserts a claim for constructive fraud; Count Four alleges violations of N.J. Stat. Ann. §§ 14A:6-12 and 14A:12-13; Count Five asserts a claim for unjust enrichment; and Count Six seeks a declaratory judgment. (Compl. ¶¶ 62–84.) On November 30, 2016, the Clerk of the Court entered default against Benson for failure to appear. On December 9, 2016, Benson moved to vacate the entry of default and dismiss the Complaint. (*See* ECF No. 7.)

In July 2017, the Court denied Benson's motion to vacate for "fail[ure] to set forth a meritorious defense." (July 2017 Letter Op. 1, ECF No. 18.) Specifically, the Court found that Benson (1) failed to demonstrate that he was not properly served initially and (2) did not dispute that he was properly served on a second occasion. (*Id.* at 1–2.) That same month, Benson moved for reconsideration. (*See* Benson Moving Br., ECF No. 23.) Then, in October 2017, Plaintiffs moved in part for default judgment as to Benson. (*See* ECF No. 28.)

In December 2017, the Court stayed this matter pending resolution of the ABC Proceeding. (*See* ECF No. 42.) Approximately three years later, on November 25, 2020, Plaintiffs informed the Court that the ABC Proceeding concluded and requested that the case be reinstated because Plaintiffs' claims remained unresolved. (*See* Nov. 2020 Correspondence, ECF No. 54.) On December 2, 2020, the Court reopened this matter and re-activated, among others, Plaintiffs' motion for default judgment as to Benson. (*See* ECF No. 55.) On February 10, 2021, Benson submitted correspondence in which he asserted that Plaintiffs' motion for default judgment "is premature in light of the unresolved and pending Motion for Reconsideration." (*See* ECF No. 75.)

## II. LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). It requires the moving party to set forth the factual matters or controlling legal authorities he believes the Court overlooked when rendering its final decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6.

## III. DISCUSSION

In his 2017 Motion for Reconsideration, Benson did not argue that reconsideration was warranted due to an intervening change in controlling law, to correct a clear error of law or fact, or to prevent manifest injustice. (*See generally* Benson Moving Br.) Instead, Benson pointed to the fact that Plaintiffs filed a proof of claim in the then-ongoing ABC Proceeding as "new evidence" warranting reconsideration. (*Id.* at 4–8.) According to Benson, "jurisdiction [was] improper" in this Court because, by "fil[ing] a claim in [EMC's] pending Assignment for the Benefit of Creditors," Plaintiff "submit[ed] to the jurisdiction of the Superior Court of [] New

3

Jersey." (*Id.* at 4.) Consequently, Benson argues, "Plaintiffs' remedies should be limited to the filed proof of claim in the Assignment." (*Id.* at 5.)

"To permit reconsideration when new evidence becomes available, the moving party must present new evidence that would alter the disposition of the case." *Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317 (D.N.J. 2010) (citation omitted). "Additionally, the moving party has the burden of demonstrating the evidence was unavailable or unknown" when the motion at issue was decided. *Id.* (citation omitted).

Here, Benson failed to explain how the ABC Proceeding affected this Court's jurisdiction. To the extent Benson argued that the then-ongoing ABC Proceeding required dismissal of Plaintiffs' claims, that argument fails. Benson cited no case law or legal authority to support a theory for dismissal. The only support Benson pointed to was correspondence submitted by the Assignee for EMC, who, in objecting to Plaintiffs' motion for default judgment, advised the Court that "Plaintiff[s] filed a proof of claim in the Assignment proceeding and their remedy should be limited to same." (*Id.* at 6 (quoting Assignee Correspondence, ECF No. 22); *see id*. at 4–7.) In doing so, however, the Assignee never suggested that the ABC Proceeding barred any claims from proceeding in this Court. (*See* Assignee Correspondence.) To the contrary, the Assignee acknowledged that the Court may issue a judgment but took the position that any judgment would be subject to certain matters, *i.e.*, priority of creditors, that are determined in the ABC Proceeding. (Assignee Objection 2, ECF No. 31-1.) Benson thus failed to show how the ABC Proceeding would alter the disposition of this case.

To the extent Benson argued that Plaintiffs were required to exhaust their remedies in the ABC Proceeding, that argument is moot. In that regard, Benson appeared to argue that jurisdiction was improper because Plaintiffs were seeking the same relief in two different courts. (Benson

4

Moving Br. 6 ("Plaintiffs appear to be 'double-dipping' by both filing a claim in the Assignment and filing suit in this Court").) But Benson's "double-dipping" concern was addressed by the stay entered in this matter pending resolution of the ABC Proceeding. Benson does not dispute that the ABC Proceeding concluded without resolution of Plaintiffs' claims in this matter.

In any event, Plaintiff also failed to demonstrate that Plaintiffs' proof of claim in the ABC Proceeding was new evidence for purposes of reconsideration. Benson argues that Plaintiffs' proof of claim—which was filed in October 2016—constitutes new evidence supporting the motion to vacate default because he had no knowledge of Plaintiffs' ABC filing until a week after the Court denied his motion to vacate entry of default. (Benson Reply Br. 1–2; *see* ECF Nos. 19, 22.) But proof of actual knowledge is not required as Benson seems to suggest. Rather, "[d]istrict courts within the Third Circuit have stated that 'new evidence' means material discovered after a judgment or order that could not have been found with due diligence beforehand and that could be used to prove a fact." *In re Processed Egg Prods. Antitrust Litig.*, No. 08-2002, 2018 WL 6592990, at *3 (E.D. Pa. Dec. 14, 2018) (citation omitted).

Here, Benson does not dispute that he was properly served with the Complaint in late 2016. The Complaint asserts that the Assignee advised Plaintiffs of the ABC Proceeding in August 2015. (Compl. ¶ 43.) And as Plaintiffs noted, Benson's counsel received notice of activity in the ABC Proceeding during 2016, including in October 2016 when Plaintiffs filed the proof of claim. (*See* Oct. 21, 2016 Certif. of Mailing, ECF No. 24-6.) On these facts, Benson failed to show that Plaintiffs' proof of claim could not have been discovered with due diligence before the July 2017 Order. Benson thus failed to show that this is an exceptional case warranting reconsideration and, accordingly, Benson's Motion is denied.

Nevertheless, given (1) the extended stay in this case, (2) the fact that the entry of default was vacated as to Cantin and Plaintiffs' motions for default judgment were denied as to all Defendants, and (3) the Third Circuit's preference "that cases be disposed of on the merits," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984), the Court finds good cause to permit Benson an opportunity to file a renewed motion to vacate entry of default.

IV.  **ORDER**

**IT IS** on this 3rd day of August 2021, **ORDERED** that:

1. Benson's Motion for Reconsideration (ECF No. 23) is **DENIED**.

2. Benson may file a renewed motion to vacate entry of default by **August 18, 2021**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**