**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIDELITY WARRANTY SERVICES, INC. *et al.*,<br><br>                    Plaintiffs,<br><br>               v.<br><br>EDISON MOTOR CARS, INC. *et al.*,<br><br>                    Defendants. | Civil Action No. 16-5728 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Defendant Brad W. Benson's ("Benson") Motion to Vacate Entry of Default. (ECF No. 85.) Plaintiffs Fidelity Warranty Services, Inc. and Jim Moran & Associates, Inc. ("Plaintiffs") opposed. (ECF No. 92.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1.

The parties are familiar with the factual background of this matter and the Court adopts the facts from its August 3, 2021 Memorandum Order (the "Order"). *See Fidelity Warranty Servs., Inc. v. Edison Motor Cars, Inc.*, No. 16-5728, 2021 WL 3374613, at *1 (D.N.J. Aug. 3, 2021), (ECF No. 82.) In that Order, the Court found "good cause to permit Benson an opportunity to file a renewed motion to vacate entry of default," (*id.* at 3), which Benson did on August 18, 2021 (ECF No. 85). In his Motion, Benson set forth what he claims are meritorious defenses and asserts that he did not act in bad faith in delaying his response to the Complaint. (*See generally* Def.'s Moving Br., ECF No. 85-1.) Plaintiffs opposed, arguing that the prejudice against Plaintiffs if the Court vacates the default is great, Benson failed to put forth meritorious defenses, and rebutting

Benson's claim that his delay and conduct during the litigation was not in bad faith. (*See* Pls.' Opp'n Br. 6-13, ECF No. 92.) The Court now considers the instant Motion.

Motions to enter default judgment and vacate default are governed by Federal Rule of Civil Procedure Rule 55. *See* Fed. R. Civ. P. 55(a)-(c). Rule 55(c)[1] provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Third Circuit directs that "[a]lthough the District Court has discretion to enter a default judgment, in this circuit, we prefer that cases be adjudicated on the merits." *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting a "preference that cases be disposed of on the merits whenever practicable")). When deciding whether to vacate default, district courts must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Where there is a close case, the Third Circuit instructs that it "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions.").

Applying the relevant standard here, the Court finds vacating default appropriate. Concerning the first factor, "[p]rejudice to the plaintiff exists where a defendant is judgment-proof or where 'there has been a loss of available evidence, increased potential for fraud or collusion, or

---

[1] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

substantial reliance upon the judgment.'" *1199 SEIU United Healthcare Workers E. v. Amboy Care Ctr.*, No. 15-309, 2015 WL 3649031, at *3 (D.N.J. June 11, 2015) (quoting *Julaj v. Tan Assoc. LLC*, 2013 WL 4731751, at *4 (D.N.J. Sept. 3, 2013)). While the Court notes that during the pendency of any litigation evidence may grow stale, this litigation was already significantly delayed because of a stay pending resolution of another proceeding. In fact, another Defendant in this same matter recently filed an answer to the Complaint filed more than five years ago. (ECF No. 93.) Given the lack of progress in this litigation, the Court finds that Plaintiffs will not be prejudiced by vacating default against Benson and proceeding on the merits.

Second, Benson indicates that he intends to proffer a meritorious defense. (Def.'s Moving Br. 4.) Specifically, Benson argues that Plaintiffs "did not confer a direct benefit" on Benson such that the unjust enrichment claim fails, and Plaintiffs have not met their burden to establish a declaratory judgment. (Def.'s Moving Br. 8.) Notably, on a motion to vacate default, "the Court 'need not decide the legal issue . . . it is sufficient that [defendant's] proffered defense is not facially unmeritorious.'" *NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999) (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987)).

Finally, while there may have been some delay on the part of Benson, the Court does not find culpable conduct on his part that would require the denial of his motion to vacate default. Plaintiffs served their Complaint on October 16, 2016 and when Benson did not respond, moved for Entry of Clerk's Default on November 30, 2016.[2] (ECF No. 6.) Benson was again served with the Complaint, this time on behalf of Edison Motor Cars, Inc., d/b/a Brad Benson Hyundai, on December 1, 2016. (Pls.' Opp'n Br. 2.) Shortly thereafter, Benson filed his first Motion to Vacate

---

[2] The Court notes that the affidavit of service was not filed until November 30, 2016, as an exhibit to Plaintiffs' Motion for Entry of Default. (ECF No. 6-1.)

Clerk's Entry of Default. (ECF No. 7.) The Court thus that finds Benson's relatively short delay is not enough to deny the motion to vacate default.

For the reasons set forth above, and other good cause shown,

**IT IS** on this 7th day of February 2022, **ORDERED** that:

1. Benson's motion to vacate default (ECF No. 85) is **GRANTED**.
2. Benson shall file a responsive pleading by February 28, 2021.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE